| | |
|---|---|
| 1 | Jane M. Flynn, Bar No. 167466 |
| 2 | FEDERAL EXPRESS CORPORATION<br>2601 Main Street, Suite 340 |
| 3 | Irvine, California 92614<br>Telephone: (949) 862-4643 |
| 4 | Facsimile: (901) 492-5641<br>E-mail: jane.flynn@fedex.com |
| 5 | Attorney for Defendant |
| 6 | FEDEX CORPORATION |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA CARLIN, an individual,<br><br>      Plaintiff,<br><br>   v.<br><br>FEDEX CORPORATION, a California corporation dba FedEx; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.  **'19 CV0617 WQHKSC**<br><br>(San Diego Superior Court Case No. 37-2019-00011831-CU-WT-CTL)<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION and 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>**[DIVERSITY JURSIDICTION]**<br><br>Complaint Filed: March 4, 2019<br>Trial Date: None Set |

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant, FEDEX CORPORATION, removes this action from the Superior Court of California County of San Diego to the United States District Court for the Southern District of California on the following grounds:

---

1332509 (60-17419)

1

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

# INTRODUCTION

1. This Court has jurisdiction over this action because it is a controversy between citizens of different states and therefore satisfies diversity of citizenship requirements as contemplated by Article III, Section Two of the United States Constitution and 28 U.S.C. §§1332 and 1441(b).

2. FedEx Corporation is incorporated in Delaware, and its headquarters and principal place of business is in Memphis, Tennessee. (Declaration of Shahram A. Eslami ("Eslami Decl."), at ¶ 3).

3. Federal Express Corporation is a wholly-owned subsidiary of FedEx Corporation. Federal Express Corporation is incorporated in Delaware, and its headquarters and principal place of business is in Memphis, Tennessee. (Eslami Decl., at ¶ 4).

4. Defendant is informed and believes Plaintiff is a resident of California and is domiciled in California. Plaintiff alleges that at all times mentioned in the Complaint she was a person entitled to the protection of the laws afforded by Government Code § 12940 *et. seq.* (Complaint ¶ 19) Plaintiff names FEDEX CORPORATION as a defendant, but she was employed by Federal Express Corporation from 1982 until 2018. According to Federal Express Corporation's employee records on Plaintiff, since 1982 she has lived in Moreno Valley, California. According to Federal Express Corporation's employee records, since 1982 Plaintiff worked for Federal Express Corporation at various locations in California. (Declaration of Kathy Miller ("Miller Decl."), at ¶¶ 8, 9 and Exhibits A, E and F). Accordingly, Plaintiff is a citizen of California.

5. The Complaint was served on FedEx Corporation and Federal Express Corporation's agent for service of process, CT Corp, on March 8, 2019. Pursuant to 28 U.S.C. § 1446(b) (3), this case is being removed within thirty (30) days of service of documents from which it could first be ascertained this case was removable. (Miller Decl., at ¶ 5; Notification of Service from CT Corp attached hereto as Exhibit B).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

2

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

7. As shown below, the amount in controversy exceeds $75,000.00.

## THE STATE COURT ACTION

8. On or about March 4, 2019, Plaintiff filed an action entitled "PATRICIA CARLIN, an individual, Plaintiff vs. FEDEX CORPORATION, a California corporation; Does 1 through 50, inclusive, Defendants" in the Superior Court of California County of San Diego, Case Number 37-2019-00011831-CU-WT-CTL (the "Complaint" or "State Court Action"). True and correct copies of the Summons, Complaint, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to the Imaging Department, Superior court of California, County of San Diego Alternative Dispute Resolution (ADR) Information, and Stipulation to Use Alternative Dispute Resolution (ADR) are attached as Exhibit "C" hereto.

9. On March 8, 2019, Plaintiff served the Complaint on CT Corporation, agent for service of process for FedEx Corporation. A true and correct copy of the Service of Process Transmittal Form from CT Corporation is attached as Exhibit "B" hereto.

10. In her Complaint, Plaintiff alleged the following causes of action: (1) Sexual Harassment; (2) Failure to Take All Reasonable Steps to Prevent Harassment and Retaliation; (3) Retaliation under Gov't Code §§ 12940(h) and 12653, and Labor Code § 1102.5; (4) Wrongful Constructive Termination; and (5) Unfair Business Practices. (Complaint generally).

11. In her Complaint, Plaintiff alleges she has sustained and continues to sustain lost earnings, benefits, non-economic damages, emotional distress damages, general damages, and special damages. (Complaint ¶¶ 25, 26, 27, 34, 35, 36). Plaintiff seeks recovery of punitive damages and attorney's fees. (Complaint ¶¶ 28, 29, 37, 38 prayer for relief).

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

3

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

# THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000.00 JURISDICTIONAL MINIMUM

12. In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Cal. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). Counsel's testimony itemizing the bases for a plaintiff's damages claims has been held sufficient to establish the jurisdictional minimum for diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F. 2d 150, 160-161 (6th Cir. 1993).

13. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated")). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F. 3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)).

14. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In determining whether a Complaint meets the amount in controversy requirement, attorneys' fees are to be included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Jasso v. Money Mart Express, Inc.*, Civil Action No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Calif. March 1, 2012).

15. In her Complaint, Plaintiff alleges she suffered lost earnings and benefits, non-economic damages, emotional distress damages, general damages, and special

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

4

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

1  damages. (Complaint ¶¶ 25, 26, 27). Plaintiff's employment ended when she resigned on December 3, 2018. Plaintiff's lost wages as of the date of removal are $24,271 ($33.71 times 40 hours per week for 18 weeks since her December 3, 2018 resignation). (Complaint ¶ 10; Miller Decl. ¶ 10 and Exhibit E at page 1) If the case goes to trial a year from removal (April 8, 2020), Plaintiff's lost wages will be $94,387 ($33.71 times 40 hours per week for 52 weeks ($70,116) plus $24,217). While employed by Federal Express Corporation, Plaintiff was enrolled in healthcare, dental and vision insurance. The monthly cost for Plaintiff to continue this coverage under COBRA is $1047.32. (Miller Decl. ¶ 11 and Exhibit F). If this case goes to trial a year from removal, the cost of replacement benefits will be $12,567.84.

16.  Plaintiff seeks recovery of punitive damages. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332 (S.D. Iowa 1994).

17.  Although FedEx vigorously denies Plaintiff's allegations, if she prevails and establishes the requirements of California Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. "To assess the amount of punitive damages that is appropriate in a given case, the court considers the nature of the defendant's wrongdoing, the amount of compensatory damages, and the wealth of the particular defendant." *Am. Gen. Life & Accident Ins. Co. v. Findley*, 2013 U.S. Dist. LEXIS 41644, 48-49 (C.D. Cal. Mar. 15, 2013). The potential punitive damage award against a defendant such as FedEx Corporation alone may satisfy the amount in controversy requirement. In *Aucina v. Amoco Oil Co.*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted the defendant was a Fortune 500 Company and that [b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct "the plaintiff's claim for punitive damages" might

1  alone exceed the jurisdictional minimum. *Aucina*, 871 F.Supp. at 334.

2        18.    Plaintiff alleges retaliation in violation of Labor Code § 1102.5.
3  (Complaint ¶ 44). Labor Code section 1102.5(f) provides for a $10,000 penalty per
4  alleged violation of section 1102.5. In her Complaint, Plaintiff alleges seven incidents
5  of retaliation, equating to $70,000 in penalties. (Complaint ¶¶ 13, 14, 15, 16).

6        19.    Plaintiff seeks attorney's fees. (Complaint, prayer for relief). The Ninth
7  Circuit recently held "a court must include future [post-removal] attorneys' fees
8  recoverable by statute or contract when assessing whether the amount-in-controversy
9  was met." *Fritsch* v. *Swift Transportation Company of Arizona, LLC*, 899 F.3d 785,
10 794 (9th Cir. 2018). If litigated through trial, attorney's fees will exceed $75,000.00.
11 (Flynn Decl., at ¶ 4). The Court may take judicial notice of attorney's fee awards in
12 similar cases. Cases in the Ninth Circuit firmly establish that statutory attorney's fees
13 will be included as a basis for determining the jurisdictional amount in controversy.
14 *See Galt G/S*, 142 F.3d at 1155-56. Attorney's fees are calculable beyond the time of
15 removal. *Fritsch*, 899 F.3d at 794; *Simmons*, 209 F. Supp. 2d at 1035. In 2013, the
16 Superior Court of Sacramento County awarded a single plaintiff $367,378.50 in
17 attorneys' fees under the Fair Employment and Housing Act on a claim for wrongful
18 termination and discrimination. *Angel v. Sutter Health et al*, case number 2009-
19 00055279. Similarly, in 2012 the Orange County Superior Court awarded a single
20 plaintiff $295,535.50 in attorney's fees under the Fair Employment and Housing Act
21 on a claim for discrimination and failure to accommodate. *Vargas v. City of Long*
22 *Beach*, case number 30-2009-00126342. Based on defense counsel's 25 plus years of
23 experience litigating employment claims, counsel believes the attorney's fee exposure
24 is $250,000. (Declaration of Jane M. Flynn at ¶ 4).

25       20.    Plaintiff seeks emotional distress damages. In *Hettick v. Federal Express*
26 *Corporation*, Santa Clara County Superior Court case number 103-CV-010014,
27 Hettick alleged a co-worker had an obsessive crush on her and sexually harassed her,
28 management did not take sufficient action to stop the harassment, and Hettick was

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

6

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

constructively discharged as a result. In 2005, a jury awarded Hettick $200,000 in emotional distress damages. In *Jody Gardner Clanahan v. David Diaz*, USDC Eastern District of California case number 1:05-CV-796, Clanahan, a teacher, alleged sexual harassment by the vice principal and that the school district failed to investigate or take appropriate corrective action. In 2007, the jury awarded Clanahan $350,000 in emotional distress damages against the school district.

21. Removal of the case to federal court under Article III of the United States Constitution is available to FedEx Corporation and Federal Express Corporation because this is a civil action between citizens of different states and the amount in controversy, based upon Plaintiff's claims and verdicts in similar cases, exceeds $75,000.00, exclusive of interest and costs.

## **REMOVAL IS TIMELY**

22. The 30-day removal period runs when the party seeking to remove receives a "paper from which it may first be ascertained that the case is . . . removable." 28 U.S.C. § 1446(b)(3).

23. FedEx Corporation first became aware this action was removable upon service of the Complaint and Summons on March 8, 2019. Because defendant filed this notice of removal within 30 days of notice, the removal is timely.

## **CONCLUSION**

24. Because this civil action is between citizens of different states and the matter in controversy is claimed to be over $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over it, and FedEx Corporation may remove the action to this Court under Article III of the United States Constitution and 28 U.S.C. §§1332 and 1441(b).

///
///
///
///

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

7

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

25. Defendant respectfully requests this Court exercise its removal jurisdiction over this action.

DATED: April 2, 2019        Respectfully submitted,

By: */s/ Jane M. Flynn*
Jane M. Flynn

Attorney for Defendant
FEDEX CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

1332509 (60-17419)

8

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

# CERTIFICATION OF SERVICE

**Carlin, Patricia v. FedEx Corporation**
**SDSC – Case No. 37-2019-00011831-CU-WT-CTL**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On April 2, 2019, I served the within document(s):

**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER ARTICLE III OF THE U.S. CONSTITUTION AND 28 U.S.C. §§ 1332, 1441 & 1446**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below.

☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope, with delivery fees provided for, addressed as follows, for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Edward Antonino, Esq.
LAW OFFICE OF EDWARD ANTONINO
15760 Ventura Blvd., Suite 700
Encino, CA 91436

Telephone: (818) 995-9477
Email: ea@ca-workers-rights.com

Attorney for Plaintiff, Patricia Carlin

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2019, at Irvine, California.

Lilly Hernandez

1330999 (60-17419)

1
CERTIFICATE OF SERVICE